# ORIGINAL

# In the United States Court of Federal Claims

No. 16-740L
(Filed: October 21, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ABIODUN MOHN, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
OCT 21 2016
U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

#### Background[1]

Plaintiff pro se Abiodun Mohn is a United States citizen and resident of Florida. Plaintiff filed the instant action in this Court on June 17, 2016, and filed an amended complaint on August 1, 2016. Plaintiff identifies 25 U.S.C. §§ 177 and 201 as the main bases for this Court's jurisdiction over his claims.[2] Plaintiff alleges that Stephen Blackhawk was erroneously enrolled as a Cherokee Freedmen rather than as a full-blood Native Cherokee per the 1880 Authenticated Cherokee Census. Am. Compl. 11. Plaintiff claims that contracts for conveyances of land were issued on multiple allotments belonging to Mr. Blackhawk without the approval of the Secretary of the Interior in violation of 25 U.S.C. § 177. Id. at 20. Plaintiff requests that the conveyances, affecting Mr. Blackhawk's appropriated land be deemed void, and that he recover "all monies, including back rent and interest, in the amount of 14 million, given in consideration thereof" pursuant to 25 U.S.C. § 201. Id. at 29.

---

[1] This background is derived from Plaintiff's complaint and attached exhibits.

[2] Plaintiff identifies the "Ex Parte Young exception to state sovereign immunity," the Supremacy Clause, the Indian Commerce Clause, the Act of April 26, 1906, and the Act of May 29, 1908 as additional grounds for this Court's jurisdiction. Am. Compl. 2.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiff invokes the Non-Intercourse Act, 25 U.S.C. § 177, as a basis for jurisdiction in this Court. The Non-Intercourse Act states:

> No purchase, grant, lease, or other conveyance of lands, or of any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution. Every person who, not being employed under the authority of the United States, attempts to negotiate such treaty or convention, directly or indirectly, or to treat with any such nation or tribe of Indians for the title or purchase of any lands by them held or claimed, is liable to a penalty of $1000. The agent of any State who may be present at any treaty held with Indians under the authority of the United States, in the presence and with the approbation of the commissioner of the United States appointed to hold the same, may, however,

2

propose to, and adjust with, the Indians the compensation to be made for their claim to lands within such State, which shall be extinguished by treaty.

25 U.S.C. § 177 (2012).

Plaintiff's reliance on the Non-Intercourse Act as a basis for jurisdiction in this court is misplaced, as the Non-Intercourse Act is not a money-mandating statute. White Mountain Apache Tribe v. United States, 249 F.3d 1364, 1373 (Fed. Cir. 2001), aff'd sub nom. United States v. White Mountain Apache Tribe, 537 U.S. 465 (2003) (stating that 25 U.S.C. § 177 is not a statute that "imposes fiduciary obligations that would lead to a claim for money damages"). Further, only a tribe may invoke the Non-Intercourse Act. See Wolfchild v. United States, 731 F.3d 1280, 1294 (Fed. Cir. 2013); see also Narragansett Tribe of Indians v. S. R.I. Land Dev. Corp., 418 F. Supp. 798, 804 (D.R.I. 1976) ("In order to establish a prima facie case [for a claim under the Non-Intercourse Act,] plaintiff must show that: 1) it is or represents an Indian "tribe" within the meaning of the Act; 2) the parcels of land at issue herein are covered by the Act as tribal land; 3) the United States has never consented to the alienation of the tribal land; 4) the trust relationship between the United States and the tribe, which is established by coverage of the Act, has never been terminated or abandoned.").

Plaintiff relies on 25 U.S.C. § 201, also known as the Indian qui tam statute, as the basis for recovery under his Non-Intercourse Act claim, but that statute is inapplicable here as it authorizes suits "in the nature of an action of debt, in the name of the United States . . . ." 25 U.S.C. § 201 (2012).[3] Plaintiff seeks to enforce the rights of Stephen Blackhawk, and to recover money for himself as well as the United States Treasury "on behalf of the Cherokee tribe or individual Indian[s]," but Plaintiff, who is not an attorney, may only represent himself or a member of his immediate family. Rule 83.1 of the Rules of the United States Court of Federal Claims. Immediate family is generally interpreted as being limited to a plaintiff's parents, spouse, siblings, or children. Fast Horse v. United States, 101 Fed. Cl. 544, 547-48 (2011). As Plaintiff has not alleged that Stephen Blackhawk is a member of his immediate family, Plaintiff may not bring suit on his behalf. Nor may Plaintiff represent a tribe. Cherokee of Lawrence Cty., Tenn. v. United States, No. 06-158L, 2006 WL 5668261, at *2 (Fed. Cl. Sept. 1, 2006).

Plaintiff also relies on the "Ex Parte Young exception to state sovereign immunity," the Supremacy Clause, the Indian Commerce Clause, the Act of April 26, 1906, and the Act of May 29, 1908 as grounds for this Court's jurisdiction, but these provisions are not money-mandating. The Commerce Clause does not create a cause of action in this Court, as it grants Congress

---

[3] Section 201 provides:

All penalties which shall accrue under Title 28 of the Revised Statutes shall be sued for and recovered in the nature of an action of debt, in the name of the United States, before any court having jurisdiction of the same, in any State or Territory in which the defendant shall be arrested or found, the one half to the use of the informer and the other half to the use of the United States, except when prosecution shall be first instituted on behalf of the United States, in which case the whole shall be to their use.

25 U.S.C. § 201 (2012).

exclusive power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Nor does the Supremacy Clause provide a basis for this Court's jurisdiction because the Supremacy Clause does not itself create any cause of action cognizable in this Court. Vt. v. MPHJ Tech. Invs., LLC, 803 F.3d 635, 643 (Fed. Cir. 2015).

Plaintiff also lists the Act of April 26, 1906 ("the 1906 Act"), and the Act of May 29, 1908 ("the 1908 Act") as additional grounds for this Court's jurisdiction. As this Court has previously held, the 1906 Act is not money-mandating and cannot serve as a basis for jurisdiction in this Court. See Order Granting Mot. to Dismiss 4-5, Mohn v. United States, Nos. 15-321L, 15-409L (Fed. Cl. June 22, 2016). The 1908 Act, which governs the sale of allotted lands, cannot serve as a basis for jurisdiction in this Court.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**